

FILED
CLERK, U.S. DISTRICT COURT

FEB 19 2008

CENTRAL DISTRICT OF CALIFORNIA
BY            DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PEDRO NUNEZ, | ) | NO. CV 08-127-SGL(CT) |
| | ) | |
| Petitioner, | ) | ORDER ACCEPTING MAGISTRATE JUDGE'S |
| | ) | REPORT AND RECOMMENDATION |
| v. | ) | |
| | ) | |
| JOHN MARSHALL, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

Pursuant to 28 U.S.C. § 636, the court has reviewed the entire file de novo, including but not limited to, the magistrate judge's report and recommendation and petitioner's objections. The court concurs with the magistrate judge's conclusion that the federal petition is time-barred.

In his objections, petitioner essentially contends that the statute of limitations should be equitably tolled during the pendency of his petition for writ of certiorari to the United States Supreme Court seeking review of the California Supreme Court's denial of his state petition for writ of habeas corpus.

Equitable tolling is justified in few cases and "'the threshold necessary to trigger equitable tolling [under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA")] is very high, lest the

exceptions swallow the rule.'" Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003)(citation omitted). Equitable tolling should only be granted where "extraordinary circumstances" and external forces beyond a prisoner's control, rather than a petitioner's lack of diligence, make it impossible to file a timely petition. Id.

Thus, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

Petitioner essentially contends that he is entitled to equitable tolling while his certiorari petition was pending because "it would defeat the purpose of judicial economy" to require him to file a timely federal habeas petition while his certiorari petition was pending and any requirement that he do so is a trap for the unwary and legally unsophisticated. (Objections at 2). However, a pro se petitioner's ignorance of or lack of sophistication about the law is not an "extraordinary circumstance" that would warrant equitable tolling. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006)("We now join our sister circuits and hold that a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling."). See also Lawrence v. Florida, __ U.S. __, 127 S.Ct. 1079, 1085 (2007), (rejecting the petitioner's argument that "legal confusion" about whether AEDPA's limitations period was tolled by certiorari petitions warranted equitable tolling, stating "[t]he settled state of the law at the relevant time belies any claim to legal confusion").

Second, petitioner has not demonstrated that he was diligent in

2

pursuing his legal rights. He waited approximately six months after his conviction was final before beginning his round of state collateral review. Then, he waited another six months or so after the Supreme Court denied his petition for rehearing before submitting a federal petition to this court. (See Pet at 5, 8).

In any event, even if the statute of limitations were tolled during the pendency of petitioner's proceedings before the Supreme Court, his federal habeas petition would still be untimely. When petitioner began his state collateral review 184 days had passed since his conviction became final, leaving 181 (365 - 184 = 181) days remaining before the limitations period would expire. (See Report and Recommendation at 4). The U.S. Supreme Court denied petitioner's petition for rehearing on June 18, 2007, see Nunez v. California, 127 S.Ct. 2998 (2007), but he did not sign the present petition until December 20, 2007, which is 185 days later.

Accordingly, IT IS ORDERED:

1. The report and recommendation is accepted.

2. Judgment shall be entered consistent with this order.

3. The clerk shall serve this order and the judgment on all counsel or parties of record.

DATED: 2-18-08

STEPHEN G. LARSON
UNITED STATES DISTRICT JUDGE